UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SHARLÈS JOHNSON,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    No. 3:19-cv-179-PLR-DCP
                                    )
KNOX COUNTY, TENNESSEE, et al.,     )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are Defendants' Motion to Strike Amended Complaint and Addendum to the Amended Complaint [Doc. 19], as well as Defendants' Motion to Strike Plaintiff's Response [Doc. 23]. Accordingly, for the reasons explained below, Defendants' first Motion to Strike [Doc. 19] will be **GRANTED IN PART and DENIED IN PART**, while Defendants' second Motion to Strike [Doc. 23] will be **GRANTED**.

### I.     BACKGROUND

On May 17, 2019 pro se Plaintiff Sharles Johnson filed this action [Doc. 2] against Defendants Knox County, Tennessee and Knox County Board of Education, d/b/a Knox County Schools, stemming from an underlying "No Trespass" order issued by the Knox County School System which banned him from his children's school.[1] Utilizing a pro se pleading form, Plaintiff

---

[1] In his Complaint, Plaintiff also listed minor children Shentasia Johnson and Shakal-El Johnson as Plaintiffs, and Knox County Law Director, Richard B. Armstrong Jr., as an additional Defendant. [*Id.* at 1–2].

asserted claims under 42 U.S.C. § 1983 for violations of his First Amendment right to freedom of speech and right to peaceably assemble, right to due process under the Fifth and Fourteenth Amendments, as well as violations of Title VII of the Civil Rights Act of 1964. Summons were returned as executed against Defendants Knox County Board of Education and Knox County, Tennessee on October 10, 2019. [Docs. 9, 10].

On November 20, 2019, the parties filed a Joint Motion for Leave to Amend Complaint and for Enlargement of Time. [Doc. 13]. The parties moved for an order permitting Plaintiff to file an Amended Complaint, noting that defense counsel had mailed a letter to Plaintiff outlining perceived "deficiencies with Plaintiff's Complaint" and that Plaintiff had agreed to file an amended Complaint. [*Id.* at 1]. In particular, the motion related that "[i]t is . . . unclear whether the Plaintiff intended to bring suit against Knox County alone, with Mr. Armstrong as its agent for service as process, or against Knox County and Mr. Armstrong" and that on the Court's "electronic docket, only Knox County and Knox County Board of Education are listed as Defendants." [*Id.*].

Attached as exhibits to the Joint Motion were the letter from defense counsel to Plaintiff outlining their potential grounds to move to dismiss the complaint under Federal Rule of Civil Procedure 12 [Doc. 13-1], and Plaintiff's email requesting a joint motion for additional time to amend the complaint [Doc. 13-2]. First, defense counsel stated his argument that the "statute of limitations has expired regarding these actions," as the "no trespass" letter was sent in February of 2016. [Doc. 13-1 at 2]. Further, defense counsel asserted Defendants' belief that "the rights which [Plaintiff] claim[ed] to have been violated are [not] cognizable under the law in these circumstances," as well as that Plaintiff did not "state [his] claims on behalf of [his] children with sufficient specificity." [*Id.*]. However, in his e-mail sent to defense counsel in response, Plaintiff states that "since there are a few investigations against Knox County schools concerning myself

2

or my children[,] [he] will [also] add those." [Doc. 13-2 at 1].  The Court subsequently found the Join Motion well-taken "[g]iven the parties' agreement as reflected in [Doc. 13-1]," and ordered Plaintiff to file his amended Complaint on or before December 13, 2019.  [Doc. 15].

On December 13, 2019, Plaintiff filed his Amended Complaint [Doc. 17] against Defendants Knox County Schools a.k.a. Knox County Board of Education a.k.a. Knox County School System; as well as against James P. McIntyre, Clifford Davis, Gus Paidousis, Julie Thompson, Brandon Pratt, Sherri James, Elaine Hoover, Buzz Thomas, Bob Thomas, Melinda Russell, Kate Mascarette, Laurie Driver, Paul "Gregory" Pinkston, Scott Bolton, Gary Dupler, Amanda Cunningham, Mike Dunaway, Richard "Bud" Armstrong, Jr., Russ Oaks, Renee Kelly, Northshore Elementary School, Carl Whipple, Christy Dowell, Rachel Hornback, Joy Smith, Chanda Pressley, and John Doe 1—in both their individual and official capacities.  Plaintiff similarly alleged claims under 42 U.S.C. § 1983 involving violations of his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, violations of age discrimination in federally assisted programs under 42 U.S.C. §§ 601 and 602, as well as a Title VII retaliation claim.

Plaintiff's thirty-eight page Amended Complaint includes additional factual allegations from 2010 through 2019, while adding twenty-five individual defendants, Northshore Elementary School, and a John Doe defendant.  The Amended Complaint names Plaintiff's eight children ranging in age from four to twenty as plaintiffs, asserting that they "have experienced different types of issues and discrimination." [*Id.* at 8].  Lastly, Plaintiff's Amended Complaint includes approximately seventy pages of exhibits, consisting largely of correspondence between Plaintiff and various Knox County School officials.  On December 16, 2019, Plaintiff filed an Addendum

to his Amended Complaint [Doc. 18], adding an additional six pages of factual allegations and claims for relief, as well as seven pages of exhibits.

## II.    POSITIONS OF THE PARTIES

Defendants move [Doc. 19] to strike Plaintiff's Amended Complaint and Addendum for being outside the scope of the Court's previous order. Defendants claim that Plaintiff failed to "obtain the [C]ourt's permission before ostensibly adding parties to this action," and that "[a]s the majority of Plaintiff's Amended Complaint and Addendum alleges the misconduct of these individual defendants, and it is furthermore brought in the name and context of additional plaintiffs, it would be extremely burdensome to Defendants to parse out the relevant sections . . . for response on behalf of the only proper defendants in this action: Knox County and Knox County Board of Education." [*Id.* at 3]. Additionally, Defendants seek an extension of time to file a responsive pleading to either Plaintiff's Complaint or Amended Complaint, depending on the resolution of the pending motion, as well as request that the Court hold a status conference.

Plaintiff responds [Doc. 20] that the Amended Complaint was timely filed and that "the facts" of the Amended Complaint "are the same and the basis of the complaint has been expanded or corrected to incorporate those who either [were a part] of the 'conspiracy,' retaliation and [flagrant] violations of [his and his children's] . . . civil rights." [*Id.* at 2]. Further, Plaintiff states that he added his additional children as plaintiffs because "[t]hey were affected by Knox County Schools behaviors" and that he did request to add additional plaintiffs. [*Id.*]. Lastly, Plaintiff claims that Defendants did not file their response in a timely manner by December 20, 2019 according to the Court's previous order.

4

Defendants reply [Doc. 21] that Plaintiff impermissibly attempted to add his minor children as plaintiffs and several employees in the school system as defendants in his Amended Complaint, as well as that Plaintiff's Addendum was filed outside of the permissible time frame as granted by the Court. First, Defendants assert that their motion to strike was timely filed, as under Federal Rule of Civil Procedure 15(a)(3), they had fourteen days after service of the Amended Complaint to file a responsive pleading. Additionally, Defendants point to "the confusion, and resulting prejudice" from Plaintiff's Amended Complaint "which impermissibly adds multiple parties . . . without the permission of the Court" under Federal Rules of Civil Procedure 15 and 21. [*Id.* at 3]. Defendants maintain that Plaintiff's response did not adequately address the concerns raised in their motion to strike, and ultimately, the Court's previous order [Doc. 15] "did not contemplate the addition of parties." [Doc. 21 at 4].

Plaintiff then filed an additional response [Doc. 22], titled "Response to Motion to Strike with Corrections," in which he largely repeats his arguments as set forth in his Response [Doc. 20]. Defendants filed a Motion to Strike Plaintiff's Amended Response [Doc. 23], noting that Plaintiff's Amended Response [Doc. 22] "goes beyond mere corrections, and both adds and removes entire sentences or paragraphs" from the original response. [Doc. 23 at 1]. Defendants therefore move to strike Plaintiff's Amended Response under Local Rule 7.1(d).

### III. ANALYSIS

Defendants move [Doc. 23] to strike Plaintiff's Amended Response [Doc. 22], noting that the Amended Response "goes beyond mere corrections, and both adds and removes entire sentences or paragraphs" from the original response. [Doc. 23 at 1]. Local Rule 7.1(d) addresses supplemental briefs following the filing of a reply, and provides that "[n]o additional briefs,

5

affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the court, except that a party may file a supplemental brief of no more than 5 pages to call to the court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d).

Although Plaintiff merely claims to have corrected his response to the motion to strike, the Amended Response expands upon the allegations set forth in his response but does not contain any new factual or legal issues that were previously unavailable. The Sixth Circuit has held that district courts may grant motions to strike on the basis that a document was not filed pursuant to local rules. *See Setzer v. First Choice Lending Servs., LLC*, No. 18-5192, 2018 WL 7500477, at *2 (6th Cir. Sept. 10, 2018) ("Because [pro se plaintiff's] response motion was filed without court approval and did not detail new developments related to the defendants' motion to dismiss, the district court did not abuse its discretion when it struck the motion for violating Rule 7.1(d)."); *Loggins v. Franklin Cty.*, 218 F. App'x 466, 478 (6th Cir. 2007) (finding district court did not abuse its discretion in striking documents that were filed beyond the deadline set in the local rules). Therefore, because Plaintiff's Amended Response [Doc. 22] was filed in violation of Local Rule 7.1(d) and merely restates his previous arguments, Defendants' Motion to Strike [**Doc. 23**] will be **GRANTED**, and the Court will not consider Plaintiff's Amended Response in deciding Defendant's initial Motion to Strike [Doc. 19].

With respect to Defendants' motion to strike Plaintiff's Amended Complaint, Federal Rule of Civil Procedure 15(a)(1) provides for amendments as a matter of course:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

6

Case 3:19-cv-00179-PLR-DCP   Document 25   Filed 05/20/20   Page 6 of 12   PageID #: 192

"In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a proposed amendment adds a new party, the propriety of amendment is governed by Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

"Striking pleadings is a drastic remedy and motions to strike pleadings are disfavored." *Scott v. Regions Bank*, No. 2:08-CV-296, 2010 WL 908790, at *3 (E.D. Tenn. Mar. 12, 2010); *see, e.g.*, *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *3 (E.D. Tenn. Jan. 5, 2011). However, "[w]hen a court grants a party leave to amend a complaint, subsequent amendments that exceed the scope of the leave granted may be stricken under Rule 12(f)." *Wheat v. Chase Bank*, No. 3:11-CV-309, 2014 WL 457588, at *6 (S.D. Ohio Feb. 3, 2014) (citing *Helms v. Nationwide Ins. Co. of Am.,* 280 F.R.D. 354, 362 (S.D. Ohio 2012); *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 912 (N.D. Ohio 2009)). Rule 12(f) of the Federal Rules of Civil Procedure allows a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While federal courts hold the pro se complaint to a "less stringent standard" than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519 (1972), pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989); *see, e.g.*, *Clapper v. Clark Dev., Inc.*, No. 14-3500, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) ("Pro se litigants must comply with the procedural rules that govern civil cases.").

As the Court previously detailed, Plaintiff was granted leave to file an Amended Complaint "[g]iven the parties' agreement as reflected in [Doc. 13-1]." [Doc. 15]. The parties' joint motion

7

details that defense counsel outlined perceived deficiencies in Plaintiff's Complaint, and that Plaintiff responded that he agreed to file an Amended Complaint. [Doc. 13].[2]

Ultimately, the Court's previous order and the joint agreement of the parties did not clearly exclude Plaintiff from expanding on the initial allegations raised in the original Complaint. *Cf. Wright v. Sutton*, No. CV 1:08-1431, 2017 WL 2873049, at *4 (S.D. W. Va. July 5, 2017) (dismissing pro se amended complaint to the extent it exceeded district court's direction in order granting motion for more definite statement). Further, the allegations in the Amended Complaint expand upon the factual bases set forth in the original Complaint. *See Sang Lan v. Time Warner, Inc.*, No. 11 CIV. 2870 LBS JCF, 2013 WL 1703584, at *16 (S.D.N.Y. Apr. 19, 2013) ("The factual bases for the present claim were included in the previous complaint. Therefore, this claim should not be dismissed on the basis that Ms. Sang has exceeded the permission granted in the rulings on the prior motion to dismiss."), *report and recommendation adopted in part, rejected in part on other grounds*, 2014 WL 764250 (S.D.N.Y. Feb. 25, 2014); *cf. DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

The additional factual allegations in the Amended Complaint potentially address the deficiencies raised by defense counsel, including involving the relevant time period for Defendants' statute of limitations argument and that Plaintiff did not state claims on behalf of his

---

[2] While Plaintiff claims that Defendants did not file their motion to strike in a timely manner by December 20, 2019 under Court's previous order [Doc. 15], the deadline in the Court's order instructed that if Plaintiff did not file an amended complaint by December 13, 2019, Defendants were to file a responsive pleading by December 20, 2019. Therefore, Defendants' Motion to Strike [Doc. 19] was timely filed.

children with sufficient specificity. Further, due to Plaintiff's pro se status, the Court declines to strike the Addendum to the Amended Complaint [Doc. 18], filed three days after the Court's December 13, 2019 deadline.

However, the Court finds that the inclusion of additional plaintiffs and defendants beyond those raised in the original Complaint goes beyond the scope of the Court's order granting Plaintiff leave to file an amended complaint. *See Newland v. Morgan Stanley Private Bank, N.A.*, No. 3:15-CV-309-PLR-HBG, 2017 WL 1331293, at *4 (E.D. Tenn. Apr. 11, 2017) (striking amended complaint with allegations as to other defendants that were beyond the scope of court's leave to amend); *see, e.g.*, *Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaint where the court granted leave for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Hines v. Rimtec Corp.*, No. CV 07-966 (NLH/AMD), 2009 WL 10690491, at *2 (D.N.J. Dec. 17, 2009) ("[B]ecause the October 30, 2009 amended complaint contains claims beyond the scope of the Court's prior Orders granting leave to amend, the amended complaint shall be stricken.").

The Court granted Plaintiff leave to file an amended complaint under the context of the "parties' agreement as reflected in [Doc. 13-1]." [Doc. 15]. Therefore, as the Court granted Plaintiff leave to remedy the deficiencies noted by defense counsel in his letter to Plaintiff, Plaintiff's attempt to add twenty-five individual defendants, Northshore Elementary School, and a John Doe Defendant was outside the scope of the Court's order.[3] *See Runnels v. Banks*, No.

---

[3] The Court further notes that Northshore Elementary School is not a suable entity under 42 U.S.C. § 1983. *See Hill v. Blount Cty. Sch.*, No. 3:14-CV-96-PLR-HBG, 2015 WL 13813827, at *6 (E.D. Tenn. Mar. 9, 2015) ("Well-established federal precedent makes it clear that an agency of a governmental entity, such as a public high school, may not be held liable under 42 U.S.C. § 1983 and the Equal Protection Clause.").

9

5:11CV13-RHW, 2012 WL 2839802, at *1 (S.D. Miss. July 10, 2012) (granting defendants motion to strike "[t]o the extent that [a pro se] Plaintiff's amended complaint attempts to join new parties," as "[t]hese parties will not be added to the lawsuit at this late date because their inclusion in Plaintiff's amended complaint goes beyond the scope of the court's order granting Plaintiff leave to amend").

However, the Court finds that given Plaintiff's pro se status, Defendant Richard "Bud" Armstrong, Jr., is properly included as a Defendant in the Amended Complaint. The parties' joint motion notes that "[i]t is therefore unclear whether the Plaintiff intended to bring suit against Knox County alone, with Mr. Armstrong as its agent for service of process, or against Knox County and Mr. Armstrong." [Doc. 13-1 at 1 n.1]. Therefore, the Court finds that Plaintiff naming Richard "Bud" Armstrong, Jr., as a Defendant in his Amended Complaint was included in the scope of the Court's order.

Plaintiff similarly attempted to add his eight minor children as Plaintiffs in the Amended Complaint. As the Court previously noted, Plaintiff listed his children Shentasia Johnson and Shakal-El Johnson as Plaintiffs in the original Complaint. *See* [Doc. 2].[4] Furthermore, one of the perceived deficiencies in Plaintiff's Complaint was defense counsel's belief that Plaintiff did not state his claims on behalf of his children "with sufficient specificity." [Doc. 13-1 at 2]. Therefore, the Court finds that Plaintiff permissibly included Shentasia Johnson and Shakal-El Johnson as

---

[4] "Pursuant to Fed. R. Civ. P. 5.2(a)(3), the minor child is afforded privacy protection and could be referenced by the child's initials. This is an exception offered to minor children from Fed. R. Civ. P. 10(a) requiring the full name of all parties." *Roach v. Graco Children's Prod. Inc.*, No. 1:09-CV-80, 2010 WL 3603349, at *1 (E.D. Tenn. Sept. 10, 2010). However, as Plaintiff's complaint includes the full name of both children, "the Court concludes the privacy protection afforded has been waived." *Id.*; *see* Fed. R. Civ. P. 5.2(h).

Plaintiffs in his Amended Complaint, but that the inclusion of his six other, unidentified children goes beyond the scope of the Court's order.

Here, the Court balances the leniency afforded to Plaintiff's pro se filings with the prejudice to Defendants of having to respond to Plaintiff's Amended Complaint with factual allegations against a multitude of individual defendants at this stage of the litigation. The Court finds that striking Plaintiff's Amended Complaint is too drastic of a remedy. Ultimately, the Court will liberally construe Plaintiff's pro se Amended Complaint to include claims by Plaintiffs Sharles Johnson, Shentasia Johnson and Shakal-El Johnson against Defendants Knox County, Tennessee, Knox County Board of Education, and Richard "Bud" Armstrong, Jr. Further, the Court finds that the factual allegations set forth in the Amended Complaint revolve around the same factual bases set forth in the original Complaint. However, the Court finds that the inclusion of additional plaintiffs and defendants—other than Plaintiffs Shentasia Johnson and Shakal-El Johnson and Defendant Richard "Bud" Armstrong, Jr.—exceeds the scope of the Court's leave for Plaintiff to file an Amended Complaint, as contemplated by the Court's original order [Doc. 15] and the agreement of the parties [Doc. 13-1].

Therefore, Defendants' Motion to Strike [**Doc. 19**] will be **GRANTED IN PART and DENIED IN PART**. The Court **STRIKES** any additional parties as Plaintiffs other than Sharles Johnson, Shentasia Johnson, and Shakal-El Johnson, as well as all additional parties as Defendants other than Defendants Knox County, Tennessee, Knox County Board of Education, and Richard "Bud" Armstrong, Jr.

**IV. CONCLUSION**

Accordingly, for the reasons explained above, the Court **ORDERS** as follows:

1. Defendants' Motion to Strike [**Doc. 19**] is **GRANTED IN PART and DENIED IN PART**[5];

2. Defendant's Motion to Strike [**Doc. 23**] is **GRANTED**, and Plaintiff's Amended Response [**Doc. 22**] is **STRICKEN**; and

3. Defendants are **DIRECTED** to file a responsive pleading to Plaintiff's Amended Complaint **within twenty-one days**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[5] The Clerk of Court is **DIRECTED** to add Shentasia Johnson and Shakal-El Johnson as Plaintiffs in this matter, and remove all parties as Defendants other than Knox County, Tennessee, Knox County Board of Education, and Richard "Bud" Armstrong, Jr.

12