UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHARLES JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:19-CV-179-KAC-DCP |
| KNOX COUNTY, TENNESSEE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

Before the Court are (1) the Motion to Dismiss Plaintiff's Amended Complaint of Defendants Knox County, Tennessee and Knox County Board of Education [Doc. 26], (2) the Amended Motions to Dismiss of Defendant former Knox County Law Director Richard B. "Bud" Armstrong [Docs. 37, 38], and (3) various pleadings filed by Plaintiff Sharles Johnson attempting to further amend his Amended Complaint [Docs. 40, 43, 48, 49]. Because Plaintiff's Amended Complaint fails to state a claim for relief that is plausible on its face, the Court grants Defendants' motions to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And the Court denies Plaintiff leave to further amend his Amended Complaint.

Plaintiff, who is proceeding pro se, has a long running dispute with the Knox County school system that dates back to at least 2010 [Doc. 17 at 13-14].[1] Plaintiff has children who attend, or have attended, school in the Knox County school system [*Id.* at 8]. Plaintiff previously volunteered at Northshore Elementary School by helping in the cafeteria, reading in the classroom, and

---

[1] At this stage in the litigation, the Court construes the Amended Complaint in the light most favorable to Plaintiff, accepts all well-pled factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).

dressing as the school mascot [*Id.* at 16-17]. However, he is no longer allowed on "property owned by Knox County Schools" [*See id.* at 3-4]. According to Plaintiff's Amended Complaint, over time, the school system accused Plaintiff of, among other things, "screaming at a child in the hallway" of A.L. Lotts Elementary School and "inappropriate interactions with staff at Northshore Elementary School" [*Id.* at 13, 26-27]. On February 29, 2016, the school system issued a "No Trespass Order" against Plaintiff that barred him from "any property owned by the Knox County Schools or controlled properties that are part of the facility" [*Id.* at 26-27]. The February 2016 No Trespass Order gave rise to this lawsuit, which Plaintiff filed on May 17, 2019 [*See* Doc. 2].

I. **PROCEDURAL HISTORY**

After Plaintiff filed his initial Complaint on May 17, 2019, Defendants mailed him a letter outlining alleged deficiencies in Plaintiff's Complaint [*See* Doc. 13-1]. At the Parties' joint request, the Court granted Plaintiff leave to file an Amended Complaint to attempt to rectify those alleged deficiencies [Docs. 13, 15]. Instead, Plaintiff sought to add twenty-seven (27) new defendants in his Amended Complaint [Doc. 17]. Three days later, he filed an Addendum to his Amended Complaint adding fourteen pages of factual allegations and exhibits [Doc. 18]. The Court struck the new defendants from the Amended Complaint but allowed the claims against Defendants Knox County, Knox County Board of Education, and Armstrong to move forward [Doc. 25]. On May 26 and June 10, 2020, Defendants filed motions to dismiss the claims in Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) [Docs. 26, 27, 28].[2] Plaintiff requested and received a thirty-day extension of time to respond to the motions to dismiss [*See* Docs. 31, 39].

---

[2] Defendant Armstrong has since filed amended motions to dismiss, which correct a technical deficiency [*See* Docs. 37, 38].

Approximately seventeen (17) months after Defendants first filed a motion to dismiss, Plaintiff filed a response, postmarked October 12, 2021 [Doc. 40]. Plaintiff's four-sentence response opposed the motions to dismiss and requested leave to amend his complaint again [*Id.*]. The response did not substantively address any of the arguments in the motions to dismiss [*Id.*]. But the response attached an eighty-two-page proposed Second Amended Complaint [*Id.* at 2-83]. To the extent that Plaintiff was attempting to seek consent from Defendants to file a Second Amended Complaint, Defendants opposed [*See* Doc. 45 at 3].

Following Defendants' reply in further support of their motions to dismiss [Doc. 42], Plaintiff filed several further responses without obtaining leave of Court. First, he filed an eight-page narrative as an addendum to his response to the motions to dismiss [Doc. 43]. This Addendum appears to seek to add further factual support to the claims in the proposed Second Amended Complaint, but it, again, did not address the arguments Defendants raised in their motions to dismiss [*Id.*]. Defendants moved to strike the Addendum as immaterial, unauthorized, and untimely [Doc. 44]. Second, almost one month later, Plaintiff filed another response to the motions to dismiss, well out of time [Doc. 46]. *See* E.D. Tenn. L.R. 7.1(b). While that response generally opposed the Court granting Defendants' motions to dismiss, it, again, failed to substantively address Defendants' arguments [*See id.*]. Third, on January 31, 2022, Plaintiff filed a "Motion to File New Evidence/Addendum to Filing," which seeks to "amend or add to allegations filed a few months ago" [Doc. 48 at 1]. In substance, the motion merely attached additional emails that Plaintiff asserts support his claims [*See id.*]. And finally, on February 11, 2022, Plaintiff filed another "Motion to Amend Original Complaint and Damages," which attempts to (1) add two criminal charges, (2) add three defendants, who the Court previously struck from Plaintiff's Amended Complaint, (3) increase Plaintiff's claim for damages, and (4) remove several

3

claims [Doc. 49]. Defendants maintain that any further amendment of Plaintiff's Amended Complaint is futile and oppose any such amendment [*See* Docs. 50, 51].

## II. PLAINTIFF'S CLAIMS

Plaintiff's Amended Complaint and Addendum [Docs. 17, 18], which are operative,[3] attempt to assert several Constitutional and statutory claims under 42 U.S.C § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*. The pleadings contain a litany of accusations against various individuals, but only seven claims remain in this suit—six claims against Defendants Knox County and Knox County Board of Education (the "County Defendants") and one claim against Defendant Armstrong. The Court has dismissed all other claims in the Amended Complaint and Addendum [*See* Doc. 25 (dismissing all Defendants except Knox County, Knox County Board of Education, and Armstrong); Doc. 47 (dismissing claims of former Plaintiffs S.J. and S-E.J.)].

Plaintiff specifically raises six claims against the County Defendants. First, Plaintiff asserts a claim under Section 1983 for an alleged violation of his First Amendment right to freedom of speech, contending that the County Defendants issued the February 2016 No Trespass Order to retaliate against him for filing complaints with the United States Department of Education Office for Civil Rights [Doc. 17 at 3]. Second, Plaintiff asserts another claim under Section 1983 for an alleged violation of his First Amendment right to "free exercise of religion" [*Id.*]. This claim appears to assert that the No Trespass Order was issued to retaliate against Plaintiff for holding certain "religious beliefs and cultural beliefs" [*Id.* at 5]. Third, Plaintiff asserts a claim under Section 1983 for alleged violations of his procedural due process rights under the Fifth and

---

[3] For the reasons set forth in detail below, the Court denies Plaintiff leave to further amend his Amended Complaint.

Fourteenth Amendments [*Id.* at 3]. Purportedly, the County Defendants refused to set up a grievance process and issued the No Trespass Order in February 2016 without due process [*Id.* at 3, 37]. Fourth, Plaintiff arguably asserts a Section 1983 claim for a violation of his substantive due process rights under the Fourteenth Amendment based on the alleged deprivation of his right to access his children's schools because of the No Trespass Order [*See id.* at 3-4, 37]. Fifth, Plaintiff attempts to assert a Section 1983 claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, based on the No Trespass Order [*Id.* at 3-4]. And Sixth, Plaintiff asserts a violation of Title VI of the Civil Rights Act of 1964, premised on the issuance of the No Trespass Order [*Id.*].

Against Defendant Armstrong, Plaintiff only asserts one generalized claim for a "due process" violation, which the Court construes as a claim under Section 1983 [*See id.* at 11-12]. Viewing the Amended Complaint in the light most favorable to Plaintiff, Plaintiff alleges that on or about October 8, 2018, Defendant Armstrong "was in possession of the fraudulent 2nd version of the No Trespass Order and didn't do anything about it or make sure that it wasn't violating any of the Plaintiff's constitutional rights" [*Id.* at 11-12, 33, 89-90]. For that reason, Defendant Armstrong purportedly "failed to provide the Plaintiff due process" [*Id*. at 11-12].

Defendants Knox County, Knox County Board of Education, and Armstrong assert that (1) various statutes of limitations bar Plaintiff's claims; (2) Plaintiff has not asserted a claim for liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); (3) Plaintiff does not have a Constitutional right to access school property; and (4) Plaintiff has failed to state plausible claims [*See* Docs. 26 at 1-2; 37 at 1-2]. Defendant Armstrong additionally asserts that the suit against him in an official capacity is redundant because he was an agent of Knox County [*See* Doc. 38]. In his individual capacity, he also asserts that (1) he is entitled to qualified immunity, (2) he cannot

5

be held vicariously liable under 42 U.S.C § 1983, and (3) he has no duty to protect the legal interests of Plaintiff at issue in this dispute [*See* Doc. 37].

## III. DEFENDANTS' MOTIONS TO DISMISS

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the operative complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and draw all reasonable inferences in Plaintiff's favor. *See Hogan*, 823 F.3d at 884. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### A. A one-year statute of limitations bars each of Plaintiff's claims against Defendants Knox County and Knox County Board of Education.

A one-year statute of limitations applies to Plaintiff's Section 1983 and Title VI claims against the County Defendants and bars Plaintiff's untimely claims. The statute of limitations for Section 1983 claims is governed by the state law applicable to personal injury actions. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Tennessee provides a one-year statute of limitations for personal actions under federal civil rights statutes. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (citing Tenn. Code Ann. § 28-3-104(a)). A one-year statute of limitations also applies to Plaintiff's Title VI claim. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 460 (6th Cir. 2001). The statute of limitations begins to run "when the plaintiff knows or has reason to know" of his injury. *Eidson*, 510 F.3d at 635.

All of Plaintiff's claims against the County Defendants arise from the No Trespass Order that Plaintiff received on February 29, 2016 [*See* Doc. 17 at 25-26]. Although the Amended Complaint recites facts occurring after that date, none of those facts support additional, separate causes of action against the County Defendants [*Id.* at 33-37]. At most, they illustrate that Plaintiff has continued to oppose the No Trespass Order [*See, e.g., id.* at 36 ("5/16/2019 2:05 pm Mr. Johnson sent a letter to Mayor Jacobs pertaining to the No Trespass Order.")]. Thus, the one-year statute of limitations expired well before Plaintiff filed his initial Complaint on May 17, 2019 [*See* Doc. 2].

Plaintiff asserts that his suit is timely because Defendants' alleged violations are "continuous and permanent," but the law does not support his argument [*See* Doc. 17 at 2]. The applicable one-year statute of limitations may be tolled under the "continuous violation" doctrine. *See Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 693 (6th Cir. 2017); *see also Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009). The Sixth Circuit has recognized two categories of continuous violations. *See Howell v. Cox*, 758 F. App'x 480, 484-85 (6th Cir. 2018). First, a continuous violation arises when defendants engage in "a longstanding and demonstrable policy" of illegality. *Sharpe*, 319 F.3d at 268. "This requires a showing by a preponderance of the evidence that some form of intentional discrimination against the class of which plaintiff was a member was the . . . standing operating procedure." *Basista Holdings*, 710 F. App'x at 693 (quoting *Sharpe*, 319 F.3d at 268). "The plaintiff 'must demonstrate something more than the existence of discriminatory treatment in his case.'" *Id.* Second, a continuous violation exists when the cumulative effect of serial acts amounts to an actionable violation. *Howell*, 758 F. App'x at 485. Under this theory, a continuous violation occurs with the accumulation of multiple incidents, none of which is individually actionable. *Id.* The continuous

7

violation doctrine does not apply to discrete acts that are easily identifiable and individually actionable. *Id; see also Sharpe*, 319 F.3d at 267-68. A continuous violation is "'occasioned by continual unlawful acts, not continual ill effects from an original violation.'" *Eidson*, 510 F.3d at 635 (quoting *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). "Passive inaction does not support a continuing violation theory." *Id.* To evaluate whether Plaintiff has alleged a continuing violation, the Court must "first consider the contours of the civil rights claim he has asserted." *Eidson*, 510 F.3d at 635.

Plaintiff's Section 1983 claims for violations of his First Amendment rights (Claims One and Two) and Fifth and Fourteenth Amendment procedural due process rights (Claim Three) do not constitute continuing violations. Rather, the claims arose from a discrete, actionable event— the issuance of the No Trespass Order in February 2016. As pled, the alleged retaliation in violation of the First Amendment occurred, if at all, when the County Defendants issued the No Trespass Order [*See* Doc. 17 at 3-5]. The alleged procedural deprivation too occurred, if at all, when Plaintiff received the No Trespass Order on February 29, 2016 without appropriate process [*See id.* at 3, 37]. Even construing the facts in the light most favorable to Plaintiff, "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest in life, liberty or property is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Eidson*, 510 F.3d at 635 (emphasis in original) (internal citations omitted). Plaintiff asserts that the No Trespass Order remains in effect, [Doc. 17 at 2], but that alone does not create a continuing violation under the law, *see Eidson*, 510 F.3d at 635.

As pled, Plaintiff's other federal civil rights claims against the County Defendants also fail to satisfy the continuing violation doctrine. Plaintiff's Section 1983 substantive due process claim, Section 1983 equal protection claim, and Title VI claim (Claims Four, Five, and Six) fail to allege

8

a "longstanding and demonstrable" policy of discrimination. *See Sharpe*, 319 F.3d at 268. Rather, the No Trespass Order applies solely to Plaintiff, and he has not demonstrated "something more than the existence of discriminatory treatment in his case." *Id.* The alleged wrongful conduct— the issuance of the No Trespass Order—also does not constitute a serial violation because it was a discrete, easily identifiable act. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."). Although the February 2016 No Trespass Order allegedly remains in effect, "[m]ere continuity of a sanction does not make it a continuing violation." *Cherry v. City of Bowling Green*, 347 F. App'x 214, 217 (6th Cir. 2009). Plaintiff had clear notice of his alleged injury in February 2016, which is evidenced by the fact that he allegedly filed a complaint related to the No Trespass Order with the Office of Civil Rights immediately after the Order issued [*See* Doc. 17 at 31]. Accordingly, the applicable one-year statute of limitations bars Plaintiff's federal civil rights claims against Knox County and Knox County Board of Education. And Plaintiff's Amended Complaint fails to state any claims against the County Defendants that are plausible.

      **B.**     **Plaintiff fails to state a Section 1983 "due process" claim against Defendant Armstrong.**

Even liberally construing the pleadings, Plaintiff also fails to state a Section 1983 "due process" claim against Defendant Armstrong. The Fourteenth Amendment protects an individual from the deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Due process" has a procedural component and a substantive component. To establish a procedural due process claim, Plaintiff must demonstrate that: (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the relevant state actor did not afford him adequate procedural protections. *Daily*

9

*Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). Substantive due process, on the other hand, protects those rights and liberties that are "objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (citations and quotations omitted). Substantive due process protects against "arbitrary and capricious government action that 'shocks the conscience and violates the decencies of civilized conduct.'" *Guertin v. State*, 912 F.3d 907, 918 (6th Cir. 2019) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)). The class of interests protected by the Substantive Due Process Clause is "'narrower than those protected by procedural due process.'" *In re City of Detroit*, 841 F.3d 684, 699 (6th Cir. 2016) (quoting *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014)).

Plaintiff's constitutional claim against Defendant Armstrong fails at the threshold because Plaintiff does not have a constitutionally protected due process interest in accessing Knox County School property. *See Ritchie v. Coldwater Cmty. Schs.*, No. 11-CV-530, 2012 WL 2862037, *16-17 (W.D. Mich. July 11, 2012). "In the context of due process claims . . . every court that has considered the issue has concluded that citizens, including parents, do not have a liberty or property interest in accessing school property." *Id.* ((citations omitted) (compiling cases)); *see also Guy v. Bd. of Educ. Rock Hill Loc. Sch. Dist.*, No. 18-CV-893, 2020 WL 2838508, *2-5 (S.D. Ohio May 31, 2020) (concluding that plaintiff failed to state a due process claim for being banned from school property without notice or opportunity to be heard). Because Plaintiff does not have a constitutionally protected due process interest in accessing Knox County School property, his due process claim fails, and the Court need not analyze the procedural protections afforded to Plaintiff. Any substantive due process claim likewise fails because Plaintiff does not have a fundamental

right to access Knox County School property that is implicit to our concept of ordered liberty. *See Glucksberg*, 521 U.S. at 720-21; *see also In re City of Detroit*, 841 F.3d at 699 (noting that the rights protected by substantive due process are more limited than the rights protected by procedural due process). Accordingly, Plaintiff fails to state a Section 1983 "due process" claim against Defendant Armstrong. And Plaintiff's Amended Complaint fails to state any plausible claim upon which the Court may grant relief.[4]

## IV. PLAINTIFF'S EFFORTS TO FURTHER AMEND HIS AMENDED COMPLAINT

Plaintiff filed various documents attempting to, or purporting to, further amend his Amended Complaint, [*see* Docs. 40, 43, 48, 49], but he failed to demonstrate that justice requires the Court to grant him leave to do so. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court may deny a motion to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Forman*, 371 U.S. at 182. "A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, undue delay and undue prejudice to Defendants, Plaintiff's repeated failure to cure deficiencies, and the futility of further amendment all counsel against granting Plaintiff leave to further amend his Amended Complaint. **First**, Plaintiff moved to amend for a second time almost two and a half years after filing his initial Complaint [*See* Docs. 2, 40]. He filed his latest attempt

---

[4] Because Plaintiff fails to state any claim, the Court does not address the remaining arguments in Defendants' motions to dismiss.

11

to amend nearly three years after filing his initial Complaint and well after Defendants' motions to dismiss were fully briefed [*See* Docs. 2, 42, 49]. "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). But "at some point," "delay will become undue." *Id.* (internal citations omitted). Extensive, unexplained delay may constitute an undue delay. *See, e.g., Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011) (finding a seven-month delay between filing of dispositive motions and moving to amend created undue delay and prejudice). Plaintiff provided no explanation for his delay in moving to amend, [*see* Docs. 40, 49], and permitting Plaintiff to further amend his Amended Complaint well after Defendants' dispositive motions were filed and briefed would prejudice Defendants by requiring them to relitigate each of those motions. *See Knight Cap. Partners Corp. v. Henkel AG & Co.*, 930 F.3d 775, 786 (6th Cir. 2019); *Murphy*, 406 F. App'x at 977. At this point, Plaintiff's lengthy, unexplained, and prejudicial delay constitutes undue delay and prejudice, and the Court cannot fairly grant Plaintiff further leave to amend.

***Second***, even if there were no undue delay and prejudice, Plaintiff's repeated failure to cure the deficiencies in his complaint further justifies denying leave to amend. *See Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) ("Because the district court had already allowed for two amendments, it was not an abuse of discretion to deny leave to amend a third time."). Prior notice of a deficiency is a "'critical factor[] in determining whether an amendment should be granted.'" *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (quoting *Wade*, 259 F.3d at 458-59). Defendants previously notified Plaintiff of the deficiencies in his Complaint, and the Court previously granted Plaintiff leave to amend to address those alleged deficiencies [*See* Docs. 13-1, 15]. As discussed above, Plaintiff's Amended Complaint failed to sufficiently address the deficiencies raised by Defendants. And once again, Plaintiff's proposed Second

12

Amended Complaint and Addendum failed to address the deficiencies Defendants raised over two years ago [*See* Docs. 40, 43]. Although the proposed Second Amended Complaint and Addendum are entirely new documents, most of the underlying claims and factual allegations remain the same [*Compare* Docs. 17, 18, *with* Docs. 40, 43]. Claims One through Five, and Seven of the proposed Second Amended Complaint repeat claims from Plaintiff's Amended Complaint [*Id.*]. Those claims continue to arise from the February 29, 2016 No Trespass Order [*See, e.g.,* Doc. 40 at 33-52]. And Plaintiff admits that, "[t]he events in this [proposed Second Amended] complaint can mostly be traced back to the 2015-2016 school year" [*Id.* at 6]. Therefore, just as in Plaintiff's Amended Complaint, and as Defendants identified years ago [*see* Doc. 13-1 at 2], these claims in the proposed Second Amended Complaint are barred by the statute of limitations. Plaintiff's most recent "Motion to File New Evidence/Addendum to Filing" and "Motion to Amend Original Complaint and Damages" [Docs. 48, 49] suffer from the same defect. Those claims are almost identical to Plaintiff's proposed Second Amended Complaint, and the additional information included fails to address the significant deficiencies in Plaintiff's pleadings [*Compare* Doc. 40, *with* Doc. 49]. This failure too counsels heavily against granting Plaintiff further leave to amend.

***Finally***, allowing Plaintiff to further amend his Amended Complaint to add new claims or parties would be futile. Plaintiff's proposed Second Amended Complaint would assert four new claims, but each of those proposed claims suffers from an insurmountable limitations period defect [*See* Doc. 40 at 75-78]. Each of Plaintiff's four proposed new claims is subject to a limitations period of one-year or less. *See* Tenn. Code Ann. § 28-3-104; *see also* Tenn. Code Ann. § 49-6-3205 (providing a parent with thirty days to obtain judicial review of a student assignment). But the conduct underlying the claims occurred more than one year before Plaintiff filed his initial

Complaint.[5]  First, Plaintiff's proposed claim under "Section 1010 Parent and Family Engagement,"[6] arose from "Defendants installing a permanent No Trespass Order" against him in February 2016 [Doc. 40 at 75].  Second, Plaintiff's second and third claims, under Tennessee Code Annotated §§ 49-6-3109 and 49-6-3201, also fall outside of the limitations period—Plaintiff complained of events that allegedly occurred in 2015 [*Id* at 12-13, 77].  Finally, Plaintiff's allegation of a "misapplication" of Knox County Board of Education Policy C-210 arose directly from the February 2016 No Trespass Order [*Id.* at 78].  Therefore, a limitations period would bar all of Plaintiff's claims in his proposed Second Amended Complaint, and amendment would be futile.  Plaintiff's "Motion to File New Evidence/Addendum to Filing" and "Motion to Amend Original Complaint and Damages" [Docs. 48, 49] are similarly defective.  The Court previously struck from Plaintiff's Amended Complaint the three defendants that Plaintiff seeks to add in his latest filings [*See* Docs. 25, 48, 49].  And Plaintiff's latest proposed new claims, under 18 U.S.C. §§ 241 and 242 [*see* Doc. 49 at 1-2], would be dismissed because he has no private right of action under either of those criminal statutes.  *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (citations omitted).  Therefore, it would be futile for the Court to permit Plaintiff to amend his Amended Complaint further.  As such, Plaintiff has failed to demonstrate that justice requires the Court to grant him leave to further amended his Amended Complaint.

---

[5] For purposes of this Memorandum Opinion and Order, the Court presumes, without deciding, that Plaintiff's proposed new claims would relate back to the filing of Plaintiff's initial Complaint. *See* Fed. R. Civ. P. 15(c).

[6] "Section 1010" is a part of the Every Student Succeeds Act, 20 U.S.C. § 6301, *et seq.*

## V. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's Amended Complaint [Docs. 26, 37, 38] and **DENIES** Plaintiff leave to further amend his Amended Complaint [*see* Docs. 40, 43, 48, 49]. An appropriate judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge